IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KIMBERLY C. CUTONE and ]
ANTHONY CUTONE, ]
 ]
    Plaintiffs, ]
 ]
    v. ]    Civil Action No.: 1:04-cv-12725-RCL
 ]    Next Event: Scheduling Conference on
ELI LILLY AND COMPANY, et al., ]    April 13, 2005 at 3:00 p.m.
 ]
    Defendants. ]

## JOINT RULE 16.1 REPORT

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), the attorneys for plaintiffs and

defendants conferred up to and including April 5, 2005, and hereby submit the following succinct

statement of all agreements reached and positions taken by the parties on matters about which there

was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and
whether, if a dispositive motion has already been filed, the parties should recommend to the Court
that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendants will bring

dispositive motions as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings
amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional

parties or amend the pleadings. (b) the parties agree that there are not yet any factual or legal issues

that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes,
including trial.

<u>POSITION OF PARTIES:</u> Plaintiffs consent to having the case assigned to a magistrate judge. Defendants do not consent to having the case assigned to a magistrate judge at this time.

<u>TOPIC NO. 4:</u> Whether there is a realistic possibility of settling the case.

<u>POSITION OF PARTIES:</u> The plaintiffs have resolved this matter with Defendants Bristol-Myers Squibb Company and Dart Industries, Inc. While the remaining parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

<u>TOPIC NO. 5:</u> Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

<u>POSITION OF PARTIES:</u> The parties propose to have this case referred to Magistrate Judge Marianne B. Bowler for mediation after the completion of discovery.

<u>TOPIC NO. 6:</u> Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

<u>POSITION OF PARTIES:</u> Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

<u>TOPIC NO. 7:</u> Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

<u>POSITION OF PARTIES:</u> The parties agree and request the Court to dispose of the 26(a)(1) disclosures. The parties also agree that if plaintiffs request an extension of time to respond to defendants' discovery requests, plaintiffs shall at least produce the following by the original deadline

for responding to the discovery requests: (a) all medical records in their possession (or the possession

of their attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all

known medical providers who have treated plaintiff Kimberly C. Cutone and/or her mother; (d) the

identity and, if known, the address and telephone number of the pharmacy, physician and/or hospital

dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the

possession of plaintiffs and/or their attorneys regarding the identity of the manufacturer of the DES

at issue in this lawsuit.

Defendants agree that, within a week of the time that defendants obtain any medical records

(other than medical records received directly from plaintiffs), defendants shall send a copy of all such

medical records to plaintiffs' counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what
limits should be placed on discovery; whether a protective order is appropriate; and a date for the
completion of all discovery, including answers to interrogatories, document production, requests for
admissions, and depositions.

POSITION OF PARTIES:    The parties agree that, pursuant to Fed. Rule 33, each party is

limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be

limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the deposition of

the Plaintiffs, plaintiff Kimberly C. Cutone's mother and father, as well as the depositions of any

relevant medical providers or pharmacists. The parties agree that the duration of each deposition

shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

July 12, 2005:        Deadline for serving discovery requests.

August 11, 2005:      Deadline for plaintiffs to designate experts and provide expert reports

pursuant to Rule 26(a)(2).

September 12, 2005:    Deadline for defendants to designate experts and provide expert reports

pursuant to Rule 26(a)(2).

November 11, 2005:    All Discovery Closed. The parties agree that experts may be deposed

until the close of discovery.

December 12, 2005:    Deadline for filing Dispositive Motions.

January/February 2006: Pre-Trial Conference.

The parties' Proposed Scheduling Order is attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and
information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when
depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for

deposition.  Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule

26(a)(2), except that the parties agree to dispense with  the requirement of Rule 26(a)(2)(B) of a list

of cases in which the witness has testified as an expert at trial or by deposition within the preceding

four years.  However, the parties may inquire into the topic of prior cases at the time of the

deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23
proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23
motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion
and a proposed date for decision.

POSITION OF PARTIES:      Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in
phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial

-5-

of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in January/February 2006.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.     Plaintiffs':

This is a products liability/personal injury case arising from Plaintiff Kimberly C. Cutone's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendants in 1970 to Ms. Cutone's mother for the purpose of preventing miscarriage.

Plaintiff Kimberly C. Cutone claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations with resultant poor pregnancy outcomes and infertility, with concomitant expenses for care and treatment, physical and mental pain, and the inability to have the family she desired, and that the Defendants are liable for

-6-

said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

Plaintiff Anthony Cutone claims for loss of consortium.

B.    Defendants':

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the plaintiffs under any of the plaintiffs' causes of action. Lilly believes that the Plaintiffs' evidence is insufficient to meet their burden of persuasion that plaintiff Kimberly C. Cutone was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the plaintiffs complain, and that Lilly breached any duties owed to the plaintiffs, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, this Defendant believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that plaintiff Kimberly C. Cutone was exposed to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiffs complain, and that this Defendant breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. This Defendant has also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo") generally denies that it is

liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, Premo believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that plaintiff Kimberly C. Cutone was exposed to DES in the first place, that any such DES was manufactured or produced by Premo, that any such DES caused the injuries of which the Plaintiffs complain, and that Premo breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Premo has also asserted several affirmative defenses, including, that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Wyeth ("Wyeth") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, Wyeth believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that plaintiff Kimberly C. Cutone was exposed in utero to DES in the first place, that any such DES was manufactured or produced byt Wyeth, that any such DES caused the injuries of which the Plaintiffs complain, and that Wyeth breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Wyeth has also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

<u>CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3):</u>

Plaintiffs' certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 2.

Defendant Eli Lilly and Company's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 3.

-8-

Defendant Upjohn's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 4.

Defendant Premo's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 5.

Defendant Wyeth's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 6.

|  |  |
|---|---|
|  | Respectfully submitted, |
| KENNETH M. LEVINE & ASSOCIATES | FOLEY HOAG LLP |
|  |  |
| /s/ Sheila Mone | /s/ Brian L. Henninger |
| SHEILA MONE, BBO#634615 | JAMES J. DILLON, BBO#124660 |
| 370 Washington Street | BRIAN L. HENNINGER, BBO#657926 |
| Brookline, MA   02445 | 155 Seaport Boulevard |
| 617-566-2700 | Boston, MA   02210-2600 |
|  | 617-832-1000 |
| and |  |
|  | Attorneys for Eli Lilly and Company |
| Aaron M. Levine | LAREDO & SMITH, LLP |
| AARON M. LEVINE & ASSOCIATES |  |
| 1320 19th Street, N.W. |  |
| Suite 500 | /s/ Marc C. Laredo (by permission-rm) |
| Washington, DC   20036 | MARC C. LAREDO, BBO#543973 |
| 202-833-8040 | LISA COONEY, BBO# 636631 |
|  | 15 Broad Street, Suite 600 |
| Attorneys for Plaintiffs | Boston, MA   02109 |
|  | 617-367-7984 |
|  |  |
|  | Attorneys for Defendant Pharmacia & |
|  | Upjohn Company |

-9-

GOODWIN PROCTER LLP


 /s/ Jodi B. Buske (by permission-rm)
JODI M. BUSKE, BBO# 657990
Exchange Place
Boston, MA   02109-2881
617-570-1000

Attorneys for Defendant Premo
        Pharmaceutical Laboratories, Inc.


BINGHAM MCCUTCHEN LLP


 /s/ Mary M. Murrane (by permission-rm)
MARY M. MURRANE, BBO#644448
150 Federal Street
Boston, MA   02110
617-951-8000

Attorneys for Defendant Wyeth


Dated: April 5, 2005

-10-

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **KIMBERLY C. CUTONE and** | ] | |
| **ANTHONY CUTONE,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **Civil Action No.: 1:04-cv-12725-RCL** |
| | ] | **Next Event: Scheduling Conference on** |
| **ELI LILLY AND COMPANY, et al.,** | ] | **April 13, 2005 at 3:00 p.m.** |
| | ] | |
| **Defendants.** | ] | |

### [PROPOSED] SCHEDULING ORDER

The parties propose the following schedule:

July 12, 2005:        Deadline for serving discovery requests.

August 11, 2005:    Deadline for plaintiffs to designate experts and provide expert reports
pursuant to Rule 26(a)(2).

September 12, 2005:    Deadline for defendants to designate experts and provide expert reports
pursuant to Rule 26(a)(2).

November 11, 2005:    All Discovery Closed. The parties agree that experts may be deposed
until the close of discovery.

December 12, 2005:    Deadline for filing Dispositive Motions.

January/February 2006: Pre-Trial Conference.


DATED: _____              _____

REGINALD C. LINDSAY
United States District Judge

Respectfully submitted,

KENNETH M. LEVINE & ASSOCIATES          FOLEY HOAG LLP


 /s/ Sheila Mone                                         /s/ Brian L. Henninger
SHEILA MONE, BBO#634615                 JAMES J. DILLON, BBO#124660
370 Washington Street                   BRIAN L. HENNINGER, BBO#657926
Brookline, MA   02445                   155 Seaport Boulevard
617-566-2700                            Boston, MA   02210-2600
                                        617-832-1000
and
                                        Attorneys for Eli Lilly and Company
Aaron M. Levine                         LAREDO & SMITH, LLP
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W.
Suite 500                                /s/ Marc C. Laredo (by permission-rm)
Washington, DC   20036                  MARC C. LAREDO, BBO#543973
202-833-8040                            LISA COONEY, BBO# 636631
                                        15 Broad Street, Suite 600
Attorneys for Plaintiffs                Boston, MA   02109
                                        617-367-7984

                                        Attorneys for Defendant Pharmacia &
                                            Upjohn Company


                                        GOODWIN PROCTER LLP


                                         /s/ Jodi B. Buske (by permission-rm)
                                        JODI M. BUSKE, BBO# 657990
                                        Exchange Place
                                        Boston, MA   02109-2881
                                        617-570-1000

                                        Attorneys for Defendant Premo
                                            Pharmaceutical Laboratories, Inc.

BINGHAM MCCUTCHEN LLP


 /s/ Mary M. Murrane (by permission-rm)
MARY M. MURRANE, BBO#644448
150 Federal Street
Boston, MA   02110
617-951-8000

Attorneys for Defendant Wyeth


Dated: April 5, 2005

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| KIMBERLY C. CUTONE and<br>ANTHONY CUTONE,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>Defendants. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | Civil Action No.: 1:04-cv-12725-RCL<br>Next Event: Scheduling Conference on<br>April 13, 2005 at 3:00 p.m. |

## LOCAL RULE 16.1(D) STATEMENT

PLEASE TAKE NOTICE THAT the undersigned parties to this action, and their Counsel,

hereby certify, pursuant to Local Rule 16.1 (D)(3) of the Local Rules of the United States District

Court for the District of Massachusetts that:

a.  they have conferred with a view to establishing a budget for the costs of conducting
the full course, and various alternative courses, of this litigation; and

b.  they have conferred to consider the resolution of this litigation through the use of
alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Plaintiffs
By their Attorneys,

_____          _____
KIMBERLY C. CUTONE                        SHEILA MONE, BBO#634615
                                          Kenneth M. Levine & Associates
                                          370 Washington Street
                                          Brookline, MA   02446
_____          617-566-2700
ANTHONY CUTONE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY C. CUTONE and ANTHONY CUTONE<br><br>      Plaintiffs,<br><br>      v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>      Defendants. | CIVIL ACTION No. 04-CV-12725 (RCL) |

## DEFENDANT ELI LILLY AND COMPANY'S
## LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to Local Rule 16.1(D)(3), defendant Eli Lilly and Company and its attorneys hereby certify that they have conferred with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—for the above-captioned litigation and have conferred to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

ELI LILLY AND COMPANY,

By its attorneys:

By:

James J. Dillon (BBO # 124660)
Brian L. Henninger (BBO # 657926)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02111-2600

Michael Harrington
Associate General Counsel
ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN  46285

Dated: ___April 5___, 2005

Dated: _March 31_, 2005

B3011442.1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

KIMBERLY C. CUTONE and;            )
ANTHONY CUTONE                     )
          Plaintiffs,            )        CIVIL ACTION NO.
                                 )
                                 )        1:04-cv-12725-RCL
v.                                 )
                                 )
ELI LILLY AND COMPANY, *et al.*,   )
          Defendants.            )

## DEFENDANT PHARMACIA & UPJOHN COMPANY'S
## L.R. 16.1 (D)(3) CERTIFICATION

Pursuant to Local Rule 16.1 (D)(3) of the United States District Court for the District of Massachusetts, Defendant Pharmacia & Upjohn Company LLC *formerly known as* The Upjohn Company certifies that it has conferred with counsel:

    (a)    with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

    (b)    to consider the resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

PHARMACIA & UPJOHN COMPANY LLC    PHARMACIA & UPJOHN COMPANY LLC


_____
Malini Moorthy, Esq.

                              By their attorneys,


                            _____  3/31/05
                            Marc C. Laredo, BBO#543973
                            Lisa Cooney, BBO#636631
                            Laredo & Smith, LLP
                            15 Broad Street, Suite 600
                            Boston, MA 02109
Dated:  March 29, 2005             (617)367-7984 (telephone)
                            (617)367-6475 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KIMBERLY C. CUTONE and
ANTHONY CUTONE,

        Plaintiffs,

    v.

ELI LILLY AND COMPANY, ET AL.,

        Defendants.

Civil Action No.04-CV-12725-RCL

## Local Rule 16.1(D)(3) Certification

Counsel for Premo Pharmaceutical Laboratories certifies that she has conferred with her client with a view to establishing a budget for the costs of conducting full course – and various alternative courses – of litigation and to consider the use of alternative dispute resolution programs.

Jodi B. Buske

Dated: March 29, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIMBERLY C. CUTONE, et al., )
)
)
Plaintiffs, )
)
v. )
)
ELI LILLY AND COMPANY, BRISTOL-MYERS )    CIVIL ACTION
SQUIBB COMPANY, PHARMACIA AND UPJOHN )    NO.  1:04-CV-12725-RCL
COMPANY, PREMO PHARMACEUTICAL )
LABORATORIES, INC., DART INDUSTRIES, INC. )
and WYETH-AYERST LABORATORIES, )
)
Defendants. )
)

## LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to Local Rule 16.1(D)(3), defendant Wyeth (sued herein as "Wyeth -Ayerst Laboratories") certifies as follows:

Wyeth has conferred with its outside counsel with a view towards establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation and to consider the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 (such as the use of a mini-trial, a summary jury trial, or mediation).

**WYETH,**

 /s/ Howard M. Cyr
Howard M. Cyr, III, Esq.
Senior Corporate Counsel
**WYETH**
500 Arcola Road
North Dock, RC-1
Collegeville, PA  19426
(484) 865-8648

DATED:  April 5, 2005

**WYETH,**

By its attorneys,

 /s/ Mary B. Murrane
Janice W. Howe, BBO #242190
Paul M. Robertson, BBO #562421
Mary B. Murrane, BBO #644448
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA  02110
(617) 951-8000