IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY CUTONE and ANTHONY CUTONE,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY,<br><br>    Defendant. | CIVIL ACTION No. 04-12725-JLT |

**CONSENT MOTION FOR LEAVE TO FILE**
**AMENDED COMPLAINT AND TO AMEND SCHEDULING ORDER**

**COMES NOW** Plaintiffs, by and through counsel, and respectfully move this Court for leave to file an Amended Complaint to add claims for the minor child of the Plaintiffs, Adriana Bella Cutone, and to Amend the August 15, 2005, Scheduling Order, and as grounds therefore state:

1.    This case concerns a pharmaceutical/products liability claim alleging Plaintiff Kimberly Cutone was injured as a result of in utero exposure to Diethylstilbestrol ("DES"). Plaintiff Kimberly Cutone suffered uterine and cervical malformations, as a result of her exposure, causing her to suffer miscarriages and infertility. (See Complaint). The original Complaint was filed on July 13, 2004.

2.    Since the filing of the Complaint, Plaintiff Kimberly Cutone gave birth to a daughter prematurely, Adriana Bella Cutone, at 31-weeks gestation, nine weeks early, on November 9, 2004. The minor Plaintiff has recently been diagnosed with developmental delays as a result of her prematurity, which occurred as a result of her mother's exposure to DES. Plaintiffs now seek leave to add the minor child as an

additional plaintiff, pursuant to the attached Amended Complaint, attached hereto as Appendix A.

3.  Although the parties have been engaging in discovery, based on this recent medical development/diagnosis of the minor child, the parties request this Court amend the previously entered August 15, 2005 Scheduling Order to extend all dates ninety (90) days.  Plaintiff wishes to add two additional experts to her expert disclosures and witness list, the child's treating pediatrician, Elizabeth Keller, M.D., and her occupational therapist, Nancy Kamil of Thom Boston Metro Early Intervention and will file a Supplemental 26(A)(2) Disclosure within 30 days.  Defendant requests 60 days to file a Supplemental 26(A)(2) disclosure and wishes to depose plaintiff's new witnesses.  The parties request all other dates contained in the August 15, 2005 Scheduling Order be extended 90 days and attached a Proposed Amended Scheduling Order to this Consent Motion.

4.  This is one of many DES cases pending in the United States District Court for the District of Columbia and the District of Massachusetts.  Defense and Plaintiff's counsel in these cases regularly work together to complete discovery as quickly as possible and to prepare these cases for settlement and/or trial.

Counsel for Defendant Eli Lilly and Company consents to the granting of this Motion.  All other defendants have settled and/or been dismissed.

    Respectfully submitted,

/s/ Sheila Mone

SHEILA MONE, BBO #634615
360 Washington Street

        Brookline Village, MA  02445
        617-566-2700

        Aaron M. Levine, Esq.
        Aaron M. Levine & Associates
        1320 19th Street, N.W., Suite 500
        Washington, DC 20036
        202-833-8040

        Counsels for Plaintiffs

## **LCvR 7.1(a)(2) CERTIFICATION**

Counsel for Plaintiff has conferred with counsel for Defendants pursuant to Local Rule 7.1(a)(2).  Counsel for Defendants to this motion

        /s/ Sheila Mone

        SHEILA MONE, BBO #634615
        360 Washington Street
        Brookline Village, MA  02445
        617-566-2700

        Aaron M. Levine, Esq.
        Aaron M. Levine & Associates
        1320 19th Street, N.W., Suite 500
        Washington, DC 20036
        202-833-8040

        Counsels for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the _____ day of _____, 2005, a true and correct copy of the foregoing Consent Motion for Leave to File Amended Complaint and to Amend Scheduling Order was mailed, first-class postage prepaid to:

James J. Dillon, Esquire
Foley, Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Attorneys for Eli Lilly and Company


/s/ Sheila Mone

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY CUTONE and ANTHONY CUTONE, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | ] <br> ] <br> ] <br> ] <br> ] <br> ] CIVIL ACTION No. 04-12725-JLT <br> ] <br> ] <br> ] <br> ] <br> ] |

ORDER

**UPON CONSIDERATION** of the parties Consent Motion for Leave to Amend Complaint and to Amend the Scheduling Order and good cause having been shown, it is this _____ day of _____, 2005,

ORDERED, the parties Motion be, and hereby is GRANTED, and it is,

FURTHER ORDERED, that Plaintiff's Amended Complaint be deemed filed as of the date of the signing of this ORDER, and it is,

FURTHER ORDERED, the previously entered August 15, 2005 Scheduling Order be amended as follows:

1. Plaintiff may depose (1) Louis Weinstein, M.D., (2) Richard E. Blackwell, Ph.D., M.D., (3) Karin E. Michels, M.D., and (4) Kenneth Mundt, M.D.; (5) Edith Port; (6) Freeman Port.

2. Defendant Eli Lilly and Company may depose (1) Kimberly Cutone, (2) Anthony Cutone, (3) Virginia Machado Camporesi, (4) Philip McGovern, M.D. (5) Francis H. Boudreau, M.D., (6) Emilie Hiltron, (7) Selwyn Oskowitz, M.D. (8) Suseela

Doss, M.D., (9) Harris Busch, M.D. (10) Richard J. Falk, M.D., (11) Brian Strom, M.D., M.P.H., (12) Harold B. Sparr, R.Ph., M.S., (13) James P. DellaVolpe, (14) Cindy Kobelin, M.D., and (15) Bruce Cohen, M.D.; (16) Elizabeth Keller, M.D. and (17) Nancy Kamil.

       3.       Plaintiffs shall file any supplemental 26(A)(2) Disclosure within 30 days after the signing of this Order. Defendant Eli Lily & Company shall file a supplemental 26(A)(2) Disclosure within 60 days of the signing of this Order.

       4.       No additional Discovery will be permitted without leave of this court;

       5.       All discovery shall be completed by March 30, 2005;

       6.       Dispositive motions shall be filed by May 1, 2006; and

       7.       A Further Conference is scheduled as set by the Court after the close of discovery pursuant to the Court's schedule.

       IT IS SO ORDERED.

_____
Hon. Joseph L. Tauro, U.S.D.J

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY C. CUTONE, Individually and as Mother & next friend of ADRIANNA BELLA CUTONE a minor and ANTHONY CUTONE 54 Gould Street West Roxbury, MA 02132<br><br>             Plaintiffs,<br>v.<br><br>ELI LILLY AND COMPANY Lilly Corporate Center, Indianapolis, IN 46285<br><br>             Defendant. | CIVIL ACTION NO. 1:04-CV-12725<br>                              (JLT) |

## AMENDED COMPLAINT
(DES Litigation - Products Liability, Punitive Damages)

1. Jurisdiction is founded upon 28 U.S.C. §1332.

2. Plaintiffs are citizens and residents of the United State of Massachusetts. Defendant, Eli Lilly and Company is a citizen of the United States and has their principal place of business in the State of Indiana. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Plaintiff Kimberly C. Cutone brings this suit individually and as the mother, guardian and next friend of Plaintiff Adrianna Bella Cutone, a minor. Plaintiff Anthony Cutone suit sounds in loss of consortium.

4. Defendant Eli Lilly and Company is the manufacturer of Diethylstilbestrol ("DES"), who sold and promoted the drug to Virginia Camporesi, the mother of the Plaintiff Kimberly C. Cutone, in 1969 and 1970 in Massachusetts.

## COUNT I
### (Negligence - Kimberly C. Cutone et.al. v. Eli Lilly and Company)

5.  During her pregnancy with Plaintiff Kimberly C. Cutone in 1969-1970, the mother of the Plaintiff Kimberly C. Cutone, purchased and ingested DES in the state of Massachusetts exposing her daughter to same during her formation. Said drug was prescribed by her treating obstetrician during the pregnancy. The drug was sold by Defendant Eli Lilly and Company.

6.  As a result of Plaintiff Kimberly C. Cutone's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, resulting in the inability to carry a pregnancy to term, infertility, miscarriages, the premature birth of minor Plaintiff Adrianna Bella Cutone, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired.

7.  Said injuries were the result of the negligence of Defendant Eli Lilly and Company, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability - Kimberly C. Cutone v. Eli Lilly and Company)

8.  All of the allegations contained in paragraphs 1 though 7 are hereby realleged.

9.  DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

10. Defendant Eli Lilly and Company knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to

2

unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

11. As a result of Defendant Eli Lilly and Company's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Kimberly C. Cutone was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

12. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant Eli Lilly and Company is strictly liable to Plaintiff Kimberly C. Cutone for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty - Kimberly C. Cutone v. Eli Lilly and Company)

13. All of the allegations contained in paragraphs 1 through 12 are hereby realleged.

14. At all times relevant to this action, Defendant Eli Lilly and Company marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

15. Defendant Eli Lilly and Company knew, or should have known, that pregnant women, including the mother of Plaintiff Kimberly C. Cutone and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

16. At all, times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

17. As a direct result of the breach of warranties by the Defendant Eli Lilly and Company, Plaintiff Kimberly C. Cutone has been injured as aforesaid.

## COUNT IV
### (Misrepresentation - Kimberly C. Cutone v. Eli Lilly and Company)

18. All of the allegations contained in paragraphs 1 through 17 are hereby realleged.

19. Defendant Eli Lilly and Company represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

20. The mother of the Plaintiff Kimberly C. Cutone and her attending physicians, did in fact, rely on Defendant Eli Lilly and Company's representations in its advice about purchase, use, and consumption of DES.

21. At all, times relevant to this action, these representations were known to Defendant Eli Lilly and Company to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

22. As a direct result of said false representations by Defendant Eli Lilly and Company, Plaintiff Kimberly C. Cutone was injured as aforesaid.

## COUNT V
### (Negligence – Adrianna Bella Cutone, a Minor v. Eli Lilly and Company)

23. Plaintiff Kimberly C. Cutone brings this suit as mother, guardian and next friend of Adrianna Bella Cutone, a minor, who was injured as a result of her premature birth, as a result of his mother's, Plaintiff Kimberly C. Cutone's, exposure to DES in utero.

24. The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus. The reproductive tract of the developing

female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendants). In 1969-1970, Virginia Camporesi, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted. This defect is such that the organs (uterus and cervix) are not capable of holding back, restraining or delaying pregnancy. The infant, Adrianna Bella Cutone, was born 9-10 weeks early, at 30/31 weeks gestation, because of her mother's DES-injured birth uterus / cervix, which she shared for the 30/31 weeks of her gestation. As a result, Adrianna Bella Cutone was born prior to full maturity of her lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to developmental delays, neurological disorders and deficits, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

25. Said injuries were the result of the negligence of Defendant Eli Lilly and Company, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

### COUNT VI
(Strict Liability – Adrianna Bella Cutone, a Minor v. Eli Lilly and Company)

26. All of the above allegations are realleged and incorporated herein by reference.

27. Prior to 1969-1970, the date the Plaintiff's birth uterus / cervix was injured, numerous reports were received in the medical and scientific literature to the effect that:

    a. DES, as well as many other chemicals, could cross the placenta;

    b. DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

5

  c. DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

  d. DES had a potent cellular effect on female reproductive organs;

  e. DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendant:

  f. DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

  g. Raised questions about the toxicity of DES to the developing fetal female reproductive organs.

28. Based on the above reports, it was foreseeable, expected and knowable by Defendant Eli Lilly and Company that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1969-1970 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurely with resulting injury of the grandchildren.

29. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

30. Defendant Eli Lilly and Company knew, or should have known. that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to

unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

31. As a result of Defendant Eli Lilly and Company's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff's mother, Kimberly C. Cutone, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

32. Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant Eli Lilly and Company is strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

## COUNT VII
**(Breach of Warranty – Adrianna Bella Cutone, v. Eli Lilly and Company, et.al.)**

33. All of the above allegations are realleged and incorporated herein by reference.

34. At all times relevant to this action, Defendant Eli Lilly and Company marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

35. Defendant Eli Lilly and Company knew, or should have known that pregnant women, including the grandmother of Plaintiff and her attending physicians, were relying on Defendant's skill and judgment, and the implied and express warranties and representations.

36. At all. times relevant to this action, these implied and express warranties and representatives were false. misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

37. As a direct result of the breach of warranties by the Defendant Eli Lilly and Company. minor Plaintiff has been injured as aforesaid.

## COUNT VIII
### (Misrepresentation – Adrianna Bella Cutone v. Eli Lilly and Company)

38.     All the above allegations are realleged and incorporated herein by reference.

39.     Defendant Eli Lilly and Company represented to pregnant women, including the grandmother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

40.     The grandmother of the plaintiff and her attending physicians, did in fact, rely on Defendant's representations in its advise about purchase, use, and consumption of DES.

41.     At all, times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant Eli Lilly and Company in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

42.     As a direct result of said false representations by Defendant Eli Lilly and Company, minor Plaintiff was injured as aforesaid.

## COUNT IX
### (Punitive Damages)

43.     The acts of the Defendant Eli Lilly and Company were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant Eli Lilly and Company knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally

promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant Eli Lilly and Company intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT IX
(Loss of Consortium – Anthony Cutone v. Eli Lilly and Company, et. al.)

44. All the above allegations are realleged and incorporated herein by reference.

45. Plaintiff, Anthony Cutone is the husband of Kimberly C. Cutone. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant Eli Lilly and Company as aforesaid, Plaintiff Anthony Cutone has been deprived of the love, services and affection of his wife, Kimberly C. Cutone.

**WHEREFORE**, Plaintiff Kimberly C. Cutone, individually, demands judgment against Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million ($1,000,000.00) in punitive damages, plus costs.

**WHEREFORE**, Plaintiff Kimberly C. Cutone, as Mother, Guardian and Next Friend of Adrianna Bella Cutone, a minor, demands judgment against Defendant for $10 Million ($10,000,000.00) in compensatory and punitive damages, plus costs.

WHEREFORE, Plaintiff Anthony Cutone, individually, demands judgment against Defendant in the sum of $500 thousand ($500,000.00) in compensatory damages, and $500 thousand ($500,000.00) in punitive damages, jointly and severally, plus costs.

Respectfully submitted.

KENNETH LEVINE & ASSOCIATES

_____
SHEILA MONE, BBO#634615
370 Washington Street
Brookline, MA 02446
617-566-2700

and

AARON LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Counsel for PlaintiffS

### DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

_____
Sheila Mone, Esq.